## Case No. 12,441.

### Ex parte SCHAUMBURG.

[1 Hayw. & H. 249.] [1]

Circuit Court, District of Columbia.   Dec. 31, 1846.

#### PRESIDENT—REMOVAL FROM OFFICE.

On a petition for a rule on the president of the United States, the secretary of war and the adjutant general of the army of the United states, to show cause why a writ of mandamus shall not issue to reinstate the petitioner to his rank and position in the army register, *held*, that the power to remove vests in the power to appoint; that this power is a discretionary one conferred by the constitution upon the executive, and cannot be questioned by the courts, and that mandamus will not lie in such case.

The petitioner [James W. Schaumburg] claimed that he had a legal vested right to the office of first lieutenant in the 1st regiment of dragoons in the service of the United States, to rank from March 1, 1836, and that in violation of his rights and of the law he is kept out of the use, enjoyment, proper service and emoluments and honor of said office.

Geo. M. Bibb, John H. Eaton, and Richard S. Coxe, for petitioner.

On the above application THE COURT made the following decision:

The application in this case is for a rule to show cause why a mandamus should not issue, &c., to restore Lieutenant Schaumburg to the service and the army register as first lieutenant of dragoons, from which official army register President Polk ordered the name of James W. Schaumburg, Esq., to be erased, as having been irregularly printed there, but without reproach to Mr. Schaumburg. We are perfectly satisfied that the rule ought not to be granted. We think the subject of the petition is one which the constitution has confided exclusively to the executive discretionary power, and that it is not for this court to inquire into the grounds or reasons of the president's action in the case. The appointment was made by the president and confirmed by the senate. The commission was during pleasure. Whose pleasure? That of the appointing power, no doubt; and as incident to the power of appointing in such cases, is the power of removal.

In Ex parte Honer, [see Ex parte Hennen, 13 Pet. (38 U. S.) 259], Judge Story, in delivering the opinion of the court, says: "In the absence of all constitutional provision or statutory regulation, it would seem to be sound and necessary rule to consider the power of removal as incident to the power of appointment; and it has been settled that in all such cases, although the officer was appointed by the president and senate, the power of such removal is vested in the president alone."